CLERK'S OFFICE
UNITED STATES DISTRICT COURT
P.O. BOX 25670
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH, NORTH CAROLINA 27611

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

Return to Sender

Shomari E. Norman
2375 Southern Blvd
Apt. 2C
Bronx, NY 10456

NIXIE        100   DE 1         0009/02/19
           RETURN TO SENDER
        NOT DELIVERABLE AS ADDRESSED
              UNABLE TO FORWARD

ANKK1: 9333110699        UTF    BC: 27611567070    *0880-05230-05-39

RECEIVED

SEP 0 9 2019

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 5:18-CV-00343-D

| | |
|---|---|
| **Shomari E. Norman,** Plaintiff, v. **Evonne S. Hopkins**, et al., Defendants. | **Order and Memorandum & Recommendation** |

Plaintiff Shomari E. Norman, proceeding *pro se*, sues to challenge the outcome of a child support determination made in June 2012 in Wake County District Court. Liberally construing Norman's complaint, it appears to allege that the child support determination resulted from "bias and prejudice" against him by the defendants: Evonne S. Hopkins, Raleigh Law Center, Marc Anthony, North Carolina Child Support Agency, and Judge Lori Christian. D.E. 1. Plaintiff also alleges that defendants slandered his credit and character, improperly terminated his parental rights, gave false statements and testimony, committed a conspiracy to interfere with his civil rights, committed various constitutional violations, committed coercion, breached their oaths, violated tort law, and intentionally inflicted emotional distress. D.E. 1, 6, 7.

Hopkins has moved to dismiss the complaint against her. D.E. 32, 45. Norman has filed a submission captioned "Motion to Show Cause and Discovery" (D.E. 51) which the court construes as a response to Hopkin's motion to dismiss. Norman has also moved to deny Defendants' discovery motion. D.E. 41.

After reviewing the parties' arguments, the undersigned magistrate judge denies Norman's motions and recommends that the court grant Hopkin's Motions to Dismiss. D.E. 32, 45.

## I. Background

According to documents filed with the court, Norman's complaint arose from a child support case in the District Court for Wake County. Judge Christian presided over the matter, which began in June 2012. Defendants Hopkins, an attorney, and her law office, Raleigh Law Center, represented the mother of Norman's child in her action against Norman. Defendant Marc Anthony represented Defendant North Carolina Child Support Agency. In April 2013, Judge Christian found against Norman.

Norman filed his complaint in July 2018. D.E. 1. By Order and Memorandum and Recommendation dated January 10, 2019, the undersigned granted Norman's motion to amend his complaint (D.E. 22) and recommended that the court dismiss Christian as a Defendant.[1]

In January 2019, the court issued a order to show cause as it appeared that Norman had not served all Defendants. D.E. 27. In February 2019, the undersigned magistrate judge held a status conference and directed Norman to serve all parties within 60 days.

## II. Analysis

### A. Norman's Motions to Deny Discovery and Show Cause

Norman moves to deny Defendants' discovery motion, although no such motion appears to be pending. In support of his motion, Norman references regulations related to the National Transportation Safety Board ("NTSB") and the special rules applicable to the rules of practice in air safety proceedings. *See* 49 C.F.R. § 821 *et seq.* Such regulations do not apply here.

Norman's motion also posits that he served the Defendants with the complaint but have failed to file a timely response. But as the undersigned observed at the February 13, 2019 status conference, Norman had not effectuated proper service upon the Defendants.

---

[1] By Order dated April 26, 2019, the court dismissed the action against Judge Christian. D.E. 53.

Norman's motion cites various rules, statutes, and legal doctrines. But these references appear to argue the merits of his underlying claim, not oppose a request for, or objection to, discovery. For these reasons, Norman's motion to deny Defendants discovery is denied.

As noted above, the court construes Norman's Motion to show cause and for discovery (D.E. 51) as a response to Hopkins's motions to dismiss. If Norman's motion seeks other relief, it is denied.

### B. Motions to Dismiss the Complaint at to Hopkins

Hopkins motions[2] contend that Norman has failed to serve her with a summons and copy of the amended complaint, despite his obligations to do so under Rule 4 as well as the directive of the January 2019 Show Cause Order and the court's instructions at the February 2019 status conference. Hopkins therefore contends that the court lacks personal jurisdiction over her.

A motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(2) contests the court's personal jurisdiction over a defendant. A motion under Rule 12(b)(4) challenges the sufficiency of process, while Rule 12(b)(5) motions challenge the sufficiency of service of process. "When the process gives the defendant actual notice of the pendency of the action, the rules ... are entitled to a liberal construction" and "every technical violation of the rule or failure of strict compliance may not invalidate the service of process." *Armco, Inc.* v. *Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984). Still, "the rules are to be followed, and plain requirements for the means of effecting service of process may not be ignored." *Id.* The plaintiff bears the burden of establishing that process has been properly served. *Dalenko* v. *Stephens*, 917 F. Supp. 2d 535, 542 (E.D.N.C. 2013); *see also Mylan Labs., Inc.* v. *Akzo, N.V.*, 2 F.3d 56, 60 (4th

---

[2] Hopkins filed a second motion reiterating the arguments made in her first motion to dismiss "[i]n an abundance of caution . . . within twenty-one days of the February 27, 2019 attempt at service." D.E. 46 at 4.

3

Cir. 1993) (holding that the plaintiff must prove service of process if challenged). Without waiver or consent, a failure to obtain proper service on the defendants, deprives a court of personal jurisdiction over the defendants. *Koehler* v. *Dodwell*, 152 F.3d 304, 306–07 (4th Cir. 1998).

Federal Rule of Civil Procedure 4 states "[a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) ..." Fed. R. Civ. P. 4(c)(1). Rule 4(m) allows a plaintiff 90 days to make service. After that time has elapsed the court—on motion or on its own after notice to plaintiff—must dismiss the action without prejudice or order that service be made within a specified time. Fed R. Civ. P. 4(m).

Rule 4(e) governs serving an individual within a judicial district of the United States. Service of process to an individual may be made in accordance with state law, by serving a copy of the summons and complaint to the individual personally, by serving it to the "dwelling or usual place of abode with someone of suitable age and discretion who resides there," or by delivering a copy to a legal agent authorized to receive the summons. Fed. R. Civ. P 4(e) (1), (2). To serve a state or local government entity, the summons must be delivered to that entity's chief executive officer or in the manner prescribed by that state's law. Fed. R. Civ. P. 4(j)(2).

If plaintiff shows good cause for the failure to timely serve a defendant, the court must extend the time for service for an appropriate period. *Id.* To determine if good cause exists to excuse a plaintiff's failure to serve timely, courts examine many factors, including whether the delay in service was outside the plaintiff's control; the defendant was evasive; the plaintiff acted diligently or made reasonable efforts; the plaintiff is *pro se* or *in forma paurperis*; the defendant will be prejudiced; or the plaintiff asked for an extension of time under Rule 6(b)(1)(A).

S*cott* v. *Md. State Dep't of Labor*, 673 F. App'x 299, 306 (4th Cir. Dec. 20, 2016) (citations omitted).

Here, counsel for Hopkins has submitted an affidavit stating that the Wake County Sheriff's Office delivered a Summons in a Civil Action and Complaint Amendment to him on February 27, 2019. D.E. 48. Hopkins also submitted an affidavit stating that the Wake County Sheriff's Office delivered a Summons in a Civil Action and Complaint Amendment to her on March 6, 2019. D.E. 47. Both affidavits contends that the documents received contained incorrectly completed summonses and a complaint amendment, possibly Docket Entry 6, without other exhibits or enclosures. *Id.*

At the status conference, Norman contended that he had served the Defendants. But as the court pointed out, he failed to serve the proper documents. Service had thus not been effectuated as required by the Federal Rules of Civil Procedure.

The court instructed Norman that correct service required a properly issued summons and a copy of the amended complaint be served on the Defendants. A review of the pleadings shows that Norman sought to serve Hopkins through the Wake County Sheriff's Office on February 27, 2019 and March 6, 2019. But these papers presented by the Sheriff's Office were again the incorrect documents to constitute proper service. *See* D.E. 47, 48.

Because Norman has failed to make proper service on Hopkins, the court lacks personal jurisdiction over her. So her motions to dismiss raise meritorious grounds and the court should grant her relief.

Norman makes a passing reference to allowing additional time for Wake County Sheriff's Office to deliver the summons and amended complaint to the Defendants. D.E. 50. But since Norman made this statement almost two months ago, he has not filed anything showing that the

5

Defendants have been properly served in the interim. Although Norman proceeds *pro se*, he has already been afforded more than sufficient time to effect service here. So the undersigned finds that Norman has failed to offer persuasive reasons why even more time is warranted.

### C. Dismissal of Complaint as to Remaining Defendants

A review of the docket reflects that Norman has not completed service on Defendants Anthony or North Carolina Child Support Agency. As noted above, the requirements of Fed. R. Civ. Proc. 4(m), coupled with the court's January 2019 show cause order and February 2019 status conference, unambiguously directed Norman to effectuate service on the remaining Defendants. Despite the specific directive and ample time to do so, Norman has not served these Defendants. The undersigned thus recommends that the court dismiss the action against Anthony and North Carolina Child Support Agency.

### III. Conclusion

For these reasons, the court denies Norman's motion to deny discovery (D.E. 41). Construing his motion to show cause as a response to Hopkins's motions to dismiss, the court denies this motion (D.E. 51) as moot.

The undersigned magistrate judge recommends that the court grant Hopkins's Motions to Dismiss (D.E. 45, 51) and dismiss the action against her.

The undersigned also recommends that the court dismiss the action against Anthony and North Carolina Child Support Agency.

The Clerk of Court must serve a copy of this Memorandum and Recommendation ("M&R") on each party who has appeared in this action. Any party may file a written objection to the M&R within 14 days from the date the Clerk serves it on them. The objection must specifically note the portion of the M&R that the party objects to and the reasons for their objection. Any other

party may respond to the objection within 14 days from the date the objecting party serves it on them. The district judge will review the objection and make their own determination about the matter that is the subject of the objection. If a party does not file a timely written objection, the party will have forfeited their ability to have the M&R (or a later decision based on the M&R) reviewed by the Court of Appeals.

Dated: May 20, 2019

I certify the foregoing to be a true and correct copy of the original.
Peter A. Moore, Jr., Clerk
United States District Court
Eastern District of North Carolina

By: *Nicole Sellers*
Deputy Clerk

*Robert T Numbers II*
Robert T. Numbers, II
United States Magistrate Judge